UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:15-CR-007 |
| ) | |
| BRANDON GUSTAVIOUS PORTER ) | |

## **MEMORANDUM AND ORDER**

The defendant pled guilty to possessing cocaine base with the intent to distribute. He will be sentenced on June 7, 2016. The United States Probation Office has prepared and disclosed a Presentence Investigation Report ("PSR") [doc. 42], to which the defendant has filed two objections.

I.

*Objection 1*

The defendant objects to the assignment of two criminal history points for the Washington County, Tennessee conviction found at paragraph 46 of the PSR, arguing that he has already received three criminal history points for another Washington County sentence (PSR ¶ 42) imposed on the same date. Citing United States Sentencing Guideline ("U.S.S.G.") 4A1.2(a)(2)(B), the defendant argues that there was no intervening arrest between these two state offenses and therefore the conviction at paragraph 46 should receive no points.

The parties recently agreed to modify their Rule 11(c)(1)(C) plea agreement. They now recommend a 36-month sentence rather than the originally-agreed-upon term of 46 months. Presumably, that agreement renders the defendant's first objection moot.

In any event, the defendant is properly assigned two criminal history points for the conviction at paragraph 46. For the offense at paragraph 42, the PSR shows that the defendant was arrested on February 23, 2005, and released on bond that same day. He was not arrested for the offense at paragraph 46 until September 30, 2006. "Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest . . . ." U.S.S.G. § 4A1.2(a)(2). The defendant's first objection will therefore be overruled.[1]

## II.

### *Objection 2*

By his second objection (which, technically, is not an objection), the defendant asks for credit for time served in Washington County custody for the charges listed at paragraph 60 of his PSR. Those charges are directly related to the instant offense and were dismissed after the defendant pled guilty in this case. The court agrees that the defendant's federal sentence should be adjusted downward for the approximately three months spent in custody for the charges listed at PSR paragraph 60. The Bureau of Prisons will not otherwise issue credit (or recognize concurrent sentencing) because these state charges have already been dismissed.

---

[1] Even if the objection were well-taken, the issue would be moot. The defendant is a Criminal History Category III with or without the two points assigned at paragraph 42.

## III.

### *Conclusion*

The defendant's objections to his PSR are **OVERRULED IN PART** and **SUSTAINED IN PART** as provided herein. Sentencing remains set for June 7, 2016, at 10:15 a.m. in Greeneville.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge